RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 01/22/10

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DAVID BARBER | CIVIL ACTION 09-1562 |
| VERSUS | JUDGE MELANCON |
| BRISTOL-MYERS SQUIBB COMPANY, OTSUKA AMERICA PHARMACEUTICAL, INC. | MAGISTRATE JUDGE HANNA |

### *REPORT AND RECOMMENDATION*
(Rec. Docs. 5 and 7)

Before the court are Bristol-Myers Squibb Company's Motion to Dismiss the Complaint (rec. doc. 5), and Defendant Otsuka America Pharmaceutical Inc.'s Motion to Dismiss the Complaint (rec. doc. 7). The motions are opposed.

### *Background and Argument*

Plaintiff filed suit in federal court alleging diversity jurisdiction under 28 U.S.C. §1332. In his complaint, plaintiff alleges defendants "manufactured, marketed, advertised and distributed" the drug Abilify, which caused him to develop diabetes. Plaintiff alleges violations of the Louisiana Products Liability Act; specifically, that Abilify was unreasonably dangerous in design and contained inadequate warnings and/or failed to warn of the risk of developing diabetes from its use.

In their motions to dismiss, defendants argue plaintiff failed to state a claim, due to inadequate factual allegations regarding his claims. More specifically, defendants argue plaintiff failed to allege a feasible alternative design of Abilify existed, and the risk

1

avoided by the alternative design would have outweighed the cost associated with same. Defendants also argue plaintiff failed to adequately allege the drug label warning was inadequate, or that plaintiff's prescribing physician was unaware of the diabetes risk and would not have prescribed Abilify if he would have been so aware.

In response to the motions to dismiss, plaintiff argues his complaint was adequately pled. Alternatively, plaintiff asks the court to allow him to amend his complaint to more specifically plead his claims and correct the alleged inadequacies cited by defendants.

### *Applicable Law and Discussion*

Federal Rules of Civil Procedure Rule 15(a)(2) allows a party to amend its pleading, if more than 21 days have passed after service of a motion under Rule 12(b), with the opposing party's written consent or with leave of court. Rule 15(a)(2) instructs "[t]he court should freely give leave when justice so requires."

The opposing parties have given their written consent to the amendment via electronic mail. Moreover, the undersigned finds there has been no undue delay, bad faith, or dilatory motive on the part of the plaintiff, and there have been no previous unsuccessful amendments. No undue prejudice will be imposed on defendants by allowing plaintiff to amend his complaint, and the amendment is not futile. Therefore, justice requires the amendment. See Foman v. Davis, 371 U.S. 178 (1962).

### *Conclusion and Recommendation*

For the reasons given above,

**IT IS RECOMMENDED** that plaintiff be allowed to amend his complaint within 14 days of the date of Judgment by the District Judge;

**IT IS FURTHER RECOMMENDED** that Bristol-Myers Squibb Company's Motion to Dismiss the Complaint (rec. doc. 5) and Defendant Otsuka America Pharmaceutical Inc.'s Motion to Dismiss the Complaint (rec. doc. 7) be **DENIED WITHOUT PREJUDICE** to reurge same, if indicated, after plaintiff's amended complaint is filed.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile</u>**

3

**Association**, 79 F.3d 1415 (5th Cir. 1996).

Lafayette, Louisiana, this 22d day of January, 2010.

_____
MAGISTRATE JUDGE HANNA