# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Barber                                                   Civil Action No. 09-1562

vs                                                    Judge Tucker L. Melançon

Bristol-Myers, et al                          Magistrate Judge C. Michael Hill

### ORDER

Before the Court is a Motion To Continue [Rec. Doc. 82] and a Motion For Appointment of Counsel Under Section 706(f) Of Civil Rights Acts Of 1964 [Rec. Doc. 83] filed by *pro se* plaintiff, David L. Barber.  On November 30, 2010 the Court conducted an on-the-record hearing on plaintiff's counsel's motion to withdraw, *R. 75. R. 78.*  On January 4, 2011, the Court granted plaintiff's counsel's motion to withdraw, leaving plaintiff *pro se*, and  administratively terminated the case.  *R. 81.*  The Court instructed plaintiff to file a motion "to reopen this proceeding and to enroll his new counsel *or* to state that he will proceed *pro se*" by September 1, 2011.  *Id.*

In the Motion To Continue, plaintiff moves the Court to allow an additional 90 days for him to obtain counsel.  *R. 82.*  In his Motion For Appointment of Counsel, plaintiff moves the Court, in the alternative, to appoint a lawyer to represent him, in the event the Court does not grant his motion for extension.

Contrary to plaintiff's motion for appointment of counsel under the Civil Rights Acts of 1964, plaintiff's Complaint alleges violation of the Louisiana Products Liability law and states that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *R. 1.*  The Court has the authority to appoint "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, a party is not entitled to appointment of counsel as a right in a civil action: "There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel." *Salmon v. Corpus Christi Independent School Dist.*,  911 F.2d 1165, 1166 (5th Cir. 1990) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982)).  "When the individual's action is not brought pursuant to a statute which

explicitly authorizes the appointment of counsel, the court may appoint counsel in 'extraordinary circumstances.'  The existence of extraordinary circumstances 'will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individual bringing it.'"  *Id.*

The decision whether to provide counsel lies solely within the discretion of the Court. *Ulmer*, 691 F.2d 209, 212 (5th Cir.1982).  In ruling on a request for the appointment of counsel in a civil case, courts consider the following nonexclusive factors: (1) the type and complexity of the case; (2) whether the pro se litigant is capable of adequately presenting his case; (3) whether the pro se litigant is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.  *Id.* at 213.  The Fifth Circuit has recognized that the district court may also consider the plaintiff's own efforts to secure private counsel.  *Id.*

Based on the Court's November 30, 2010 hearing, *R. 78*, plaintiff does not meet the criteria set forth hereinabove.  Thus, the Court will exercise its discretion and deny the motion for appointment of counsel.  The Court notes that plaintiff has the financial ability to retain counsel and has been provided with more than adequate time to secure counsel, but has failed to have an attorney agree to represent him.  The Court notes further the dearth of jurisprudence related to the type of claim that plaintiff has asserted in this action.  Accordingly, it is

**ORDERED** that plaintiff's Motion [Rec. Doc. 82] and his alternative Motion [Rec. Doc. 83] are **DENIED** and the Clerk of this Court is to **REOPEN** this matter.

**IT IS FURTHER ORDERED** that on or before Tuesday, October 4, 2011, the parties are to submit a *JOINT PROPOSED PLAN OF WORK*, using the Court's usual scheduling order as a guide as to matters which require deadlines to be imposed in order to prepare this case for trial.  No further extension of this deadline will be looked upon favorably by the Court, nor will it be granted short of a *force majeure*.

**IT IS FURTHER ORDERED** that the Clerk of this Court is to mail a copy of the Court's July 8, 2010 Scheduling Order, *R. 65*, as well as a copy of the July 27, 2010 Joint Plan of Work, *R. 67*, filed by plaintiff's previous attorney of record and defendant's attorney of record, to David L. Barber at 115 Cherry Street, Apt. 1, Lafayette, Louisiana 70506.

**IT IS FURTHER ORDERED** that, in the event plaintiff fails to cooperate with defendant's counsel and to *fully and completely* comply with the deadlines set forth hereinabove, defendant's attorney is to file a motion with the Court requesting that the Court dismiss plaintiff's claim with prejudice, in which event the Court will set an on-the-record hearing to consider such request.

**THUS DONE AND SIGNED** this 2nd day of September, 2011 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE