UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DAVID BARBER                         CIVIL ACTION NO. 9-CV-1562

VERSUS                                   JUDGE MELANCON

BRISTOL MYERS SQUIBB CO.       MAGISTRATE JUDGE HANNA
ET AL

### *REPORT AND RECOMMENDATION*
### *(Doc. 87)*

Before the Court is the defendants' joint Motion to Dismiss Plaintiff David Barber's Claims with Prejudice [Doc. 87], referred by the District Judge to the undersigned for Report and Recommendation. Oral argument was heard on the motion on November 23, 2011. After considering the arguments of the parties, and for the reasons set out below, it is recommended that the joint motion be GRANTED in part, dismissing the claims of Plaintiff, but without prejudice.

### *Background*

David Barber filed the instant lawsuit on September 4, 2009. [Rec. Doc. 1] At the time, he was represented by counsel. He sought damages for personal injuries suffered as a result of his ingestion of Abilify, a pharmaceutical alleged to be manufactured, marketed, advertised and distributed by Defendants Bristol-Myers Squibb Company and Otsuka America Pharmaceutical, Inc., movers herein. The claims, brought pursuant to provisions of Louisiana's Products Liability law,

alleged that the Abilify product is unreasonably dangerous in design and that the defendants failed to provide reasonable and adequate warnings regarding use of the product. The complaint was challenged in Motions to Dismiss, filed by the defendants on grounds that the pleading's bare factual allegations were insufficient to state a product liability claim, warranting dismissal pursuant to Federal Rules 8(a) and 12(b)(6). [Rec. Doc. 5, 7]

Barber sought additional time to respond to the defense motions, which request was granted, and he filed a memorandum in opposition to the motions on December 16, 2009. He asserted that his complaint was adequately pled, but alternatively, Barber asked for the opportunity to amend the complaint to more specifically plead his claims.[Rec. Doc. 27] Reply memoranda were filed by both defendants, and on consideration of the motions and arguments, the undersigned recommended that Barber be given time to amend his complaint and that the motions be dismissed without prejudice. [Rec. Doc. 42] Barber's complaint was amended on February 4, 2010. [Rec. Doc. 43]

The defense motions were renewed within days, with the defendants asserting that Barber's amended complaint failed to cure the pleading defects in the original complaint. [Rec. Doc. 45, 47] An opposing memorandum was filed by the plaintiff. [Rec. Doc. 51] After oral argument on the renewed motions, the undersigned recommended that both be denied. [Rec. Doc. 54] Both defendants

entered objection to the Report and Recommendations, however a Judgment was entered on May 7, 2010 denying the motions. [Rec. Doc. 60] Answers were filed by the defendants on May 21, 2010. [Rec. Doc. 61,62]

The parties cooperated through the issuance of the Court's Scheduling Order and confection of the joint Rule 26(f) Report on September 27, 2010. Shortly thereafter, Barber's attorney sought to withdraw as his legal representative. On December 20, 2010, the Court granted the plaintiff's motion to allow his attorney of record to withdraw and administratively terminated this action in order for Plaintiff to enroll new counsel. [Rec. Doc. 79] The Court ordered that on or before September 1, 2011, Barber was to file a motion to reopen this action and a motion to enroll his new counsel or indicate that he would proceed *pro se. Id.* On September 1, 2011, Barber filed a motion for extension of time to hire an attorney, and a motion for a Court- appointed attorney. [Rec. Doc. 82-83] The Court denied the motions on September 2, 2011, and further ordered that the parties were to file a Joint Proposed Plan of Work to prepare the case for trial on the merits. [Rec. Doc. 84] In the Order, the Court stated that "[n]o further extension of the deadline would be looked upon favorably by the Court, nor will it be granted short of a *force majeure.*" *Id.* Thereafter, on September 22, 2011, the Court denied plaintiff's motion for reconsideration of its September 2, 2011 Order. [Rec. Doc. 85-86]

On October 4, 2011, Defendants filed a joint Motion to Dismiss David Barber's Claims with Prejudice, based on Plaintiff's refusal to join in the Plan of Work, which they allege was revised to reflect the modified deadlines requested by Barber. [Rec. Doc. 87]  That motion is before the undersigned for Report and Recommendation.  Also on October 4, 2011, Plaintiff filed a document titled "Joint Proposed Plan of Work," [Rec. Doc. 89] contending that: (1) he is unable to agree to the defendant-proposed Plan of Work and scheduling order submitted to him, asserting that he needs an additional 90 days to find an attorney and "this attorney also need[s] to have 6 months to evaluate the case and find specialists in the drug industry;" (2) he objects to and disagrees with the Court's August 2, 2011 Order denying his motion for an extension and to appoint an attorney; and (3) he requests the Court reconsider its August 2, 2011 ruling.  On October 20, 2011, Barber filed another request for "an additional 120 days" based on his inability to obtain legal counsel and his contention that circumstances have presented a *force majeure* as contemplated by the Court's previous Order. [Rec. Doc. 90] That motion was denied on October 26, 2011. [Rec. Doc. 91]

### *Analysis*

Rule 37(f) of the Federal Rules of Civil Procedure provides for sanctions against a party who fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), including the requirement

that the offending party pay the reasonable expenses of the opposing party, including attorney's fees, caused by the failure to participate. A district court is authorized to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order. *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747(1976). Such dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply. *Id*. Dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. *Marshall v. Segona*, 621 F.2d 763, 768(5th Cir. 1980). Another consideration is whether the other party's preparation for trial is substantially prejudiced. Finally, dismissal may be inappropriate when the neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Id*.

A complaint may be dismissed pursuant to Fed. R. Civ. P. Rule 41(b) if the plaintiff fails to prosecute his case, fails to comply with the applicable Rules of Civil Procedure, or fails to comply with a court order. "In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to

comply with a rule or order."[1] Before dismissing an action with prejudice under Rule 41(b), the court should make express findings concerning whether less drastic sanctions would equally serve the punishment and deterrent aspects of the rule. See *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237(5th Cir. 1984).

    The record of this litigation, set out in detail herein, demonstrates the lengths to which the court has gone to afford David Barber the reasonable opportunity to present his claims, including multiple time extensions and amendment opportunities. When the Rule 26(f) report was filed in September 2010, (Rec. Doc. 72) plaintiff's counsel advised that he intended to withdraw and that he would assist in finding new counsel. Nearly four months later, when plaintiff's counsel was allowed to withdraw, there was no substitution of counsel, rather, Barber was afforded nine months to engage new counsel, or alternatively to declare to the court his intention to proceed *pro se.* After the nine month period of administrative closure by the court to allow Barber time to find new counsel, he had yet to do so, and he sought from the court an additional 90 day period to do what he had not done during the administrative period set for that purpose. Despite the court's warning on September 2, 2011, that no further extensions would be considered by the Court, short of a "*force majeure*," Barber again failed

---

[1]     *Wade v. Gusman*, No. 06-5698, 2007 WL 1729569, at *2 (E.D. La. June 14, 2007), citing *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978) and *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).

to cooperate in the confection of a Joint Proposed Plan of Work ordered to be completed by the parties by October 4, 2011.  That failure has triggered the defendants' action upon the Order of the Court that

> in the event plaintiff fails to cooperate with defendant's counsel and to *fully and completely* comply with the deadlines set forth hereinabove, defendant's attorney is to file a motion with the Court requesting that the court dismiss plaintiff's claim with prejudice, in which event the Court will set an on-the-record hearing to consider such request.
>
> [Rec. Doc. 84]

An on-the-record hearing was conducted before the undersigned on November 23, 2011.  Appearing to argue for the moving defendants was attorney Daniel Pariser, who traveled from Washington D.C. for the argument and who recapped the chronology of the case to date and described the most recent communications with Plaintiff regarding confection of a joint plan of work per the court's order to do so.  Despite having made multiple changes to accommodate requests from Mr. Barber, and in the belief they may have even reached an agreement on a joint plan of work, Mr. Pariser advised that Mr. Barber refused to participate any further until he had an attorney. In response, Mr. Barber confirmed he would not agree to a plan of work-even a plan anticipating a 2013 trial date- unless/until he conferred with an attorney.  He indicated that he "could not" rather than "would not" participate in the plan of work because the deadlines were too short for any attorney to work with, and he did not have the wherewithall, whether

financially or otherwise, to proceed *pro se* and he is not likely to gain that wherewithall anytime in the foreseeable future. Mr. Barber reiterated a position he has maintained on multiple occasions that a class action may be brought, but Mr. Pariser advised, as reflected in the Rule 26(f) report filed fourteen months ago, there is no class action against his client for personal injuries arising out of the manufacture of Abilify anywhere in the country. In short, absent a pending class action in which he could participate, Mr. Barber's position is that he will not and cannot proceed in this case unless he has an attorney who will provide funding to prosecute the case, and after well over a year, no such attorney has been retained.

      Whether by virtue of Rule 37(f) or Rule 41(b), the undersigned recommends dismissal of this case. For nearly a year, the plaintiff has been proceeding without counsel and is solely responsible for the prosecution of his case and the non-compliance with court orders. Mr. Barber has demonstrated to the satisfaction of the undersigned, and the undersigned specifically finds, that he has understood the court's orders and instructions, and he has also understood the proposed plan of work at issue. While the undersigned does not find evidence of bad faith by Mr. Barber, it is apparent that his actions have been undertaken with a full understanding that those actions are directly contrary to the court's orders and he has willfully refused to execute the joint plan of work. Mr. Barber's failure to cooperate in the completion of the plan of work is not a result of confusion or

misunderstanding, but of Barber's continued insistence on more time to secure legal counsel to present his case. Despite multiple orders denying his request for additional time from the district court, on the day of the hearing Mr. Barber again requested additional time to seek legal counsel, he filed papers for "rule continuances" and to have a third party review the case and "look at whether someone that files a case has the ability to fund the resources required to pursue the case, if an attorney is not available to take the case pro bono, or if an attorney is not available to fund the case per percentage of settlement."[2] Barber was informed that there is no mechanism to provide the third party review he requests, and his claims are not of the sort to warrant court appointment of counsel for him.

The defendants have not been able to prepare for trial in any meaningful manner since the case was administratively terminated. Once the case was re-opened, Mr. Barber would not participate in the discovery process leaving them with no other option but to file this motion as ordered. According to the Rule 26(f) report, Mr. Barber began taking Abilify in 2006 and he was diagnosed with diabetes in December of 2008. The passage of nearly three years without being able to conduct even the most basic of discovery is unquestionably prejudicial as

---

[2] On the morning of the argument, Barber filed a 'Plaintiff pro se Motion and Order for hearing officer conference and/or rule continuances.'[Rec. Doc. 92] To the extent his most recent request may be interpreted as a motion for recusal of the undersigned, as stated on the record, the request is denied.

illustrated by statutes which provide a three year peremption period for claims against accountants, attorneys and health care providers.[3] The undersigned finds the defendants have been prejudiced.

The last factor to consider under either rule is whether there are less drastic sanctions that would serve the deterrent/punishment purposes of the rule. Based on his representations, the undersigned finds Mr. Barber could probably not afford monetary sanctions for the significant fees and expenses incurred by the defendants in bringing this motion, or at a minimum, a monetary sanction would cause a significant hardship. Therefore, this sanction would not be less drastic.

Rather than comply with any of the court's deadlines which were issued with the prospect of dismissal if not met, Mr. Barber continued to request extensions, and when those requests were denied, he sought (and continues to this day to seek) reconsideration of the denial. He still has not retained counsel or complied with the court's orders. Therefore, the undersigned finds that further extensions of any deadlines would not serve the deterrent purpose of the rules and would only penalize the parties who have been trying to comply.

Finally, if a dismissal without prejudice was entered, the defendants correctly point out that a new suit could be filed at some point in the future thereby implicitly granting the extension sought. However, the defendants would have

---

[3] See La.R.S. 9:5604, 5605 and 5628.1.

defenses available that they currently do not have, and Mr. Barber would have to argue against those defenses at that time. Therefore, the undersigned finds that dismissal without prejudice does serve the deterrent/punishment purpose of the rules and is a lesser sanction than dismissal with prejudice.

### *Recommendation*

To allow David Barber the additional extended time he seeks(beyond the significant time extensions already afforded to him) would fly in the face of the previous orders of the court and the intent of the federal rules made subject of the motion before the court. The undersigned finds that Plaintiff has willfully failed to comply with the court's deadlines or to reasonably cooperate in the confection of the Joint Plan of Work, despite the court's order that he do so. On that failure, the defendants have filed the court-ordered motion requesting dismissal of Plaintiff's claims with prejudice, incurring significant expense to do so. In light of the foregoing, the undersigned finds that dismissal is the appropriate sanction, however, dismissal without prejudice accomplishes the purposes of the rules and is a less drastic sanction than dismissal with prejudice. Therefore, the undersigned recommends that the defendants' motion be GRANTED in part and that this lawsuit be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b),

parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on November 28th, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)